*E-FILED - 5/29/08*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| SAL CASTILLO, | ) | No. C 06-3225 RMW (PR) |
|  Plaintiff, | ) | ORDER OF DISMISSAL |
| vs. | ) | |
| SAN JOSE POLICE DEPARTMENT, et al., | ) | |
|  Defendants. | ) | |

Plaintiff, proceeding pro se, filed a civil rights complaint. On February 12, 2008, the court granted plaintiff's motion to amend his complaint, and granted him thirty days in which to file his amended complaint. The court cautioned plaintiff that if his failure to file an amended complaint within the allotted time would result in his proceeding in this action with the claims in the original complaint, filed on May 15, 2006. No amended complaint or other response has been received. Accordingly, the court reviews the original complaint, and dismisses it for failure to state a cognizable claim for relief.

**DISCUSSION**

**A.  Standard of Review**

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity.

28 U.S.C. § 1915A(a). In its review the court must identify any cognizable claims, and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. Id. at 1915A(b)(1),(2). Pro se pleadings must be liberally construed. Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that a person acting under the color of state law committed a violation of a right secured by the Constitution or laws of the United States. West v. Atkins, 487 U.S. 42, 48 (1988).

**B.     Plaintiff's Claims**

Plaintiff alleges that on July 22, 2005, at the Santa Clara County Jail, an officer made "kissing motions" at him. In response, plaintiff called the officer a "homosexual." The unit officer then told plaintiff to turn around, but plaintiff, who was in a wheelchair, did not. Plaintiff alleges that the unit officer then "grabs me and twistess me around," which plaintiff stated was hurting him. The unit officer then handcuffed plaintiff. Plaintiff states that he was pushed into a wall and "twisted," and that "they" laughed at him and called him a "punk."

There are numerous deficiencies in plaintiff's complaint. To begin with, the complaint is brought under California Government Code § 910, and does not assert the violation of any federal law. As a result, there is no subject matter jurisdiction over the claims in the complaint, nor is there diversity jurisdiction, as both plaintiff and defendants are located in California.

Even if plaintiff brought his claims pursuant to the federal civil rights statute, 42 U.S.C. § 1983, his claims would still fail. First, the only defendants named in the complaint are the municipal entities, the San Jose Police Department and the City of San Jose, but he makes no allegations against them. Naming such entities on the apparent theory that they are liable for the actions of jail officials does not suffice to plead a § 1983 claim, however, because only those individual department members who actually engage in unlawful conduct can be held liable. See Monell v. Dep't of Social Servs., 436 U.S.

658, 690 (1978) (rejecting concept of respondeat superior liability in § 1983 context and requiring individual liability for constitutional violation); Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989) (holding personal participation required for finding of supervisorial liability based on alleged constitutional violations).

Secondly, the allegations in the complaint do not state a cognizable claim against the individual defendants under § 1983.  Plaintiff's allegations of verbal harassment by the guards does not state a claim under § 1983.  See Freeman v. Arpaio, 125 F.3d 732, 738 (9th Cir. 1997) (holding that allegations of verbal harassment and abuse fail to state a claim cognizable under § 1983).  Similarly, mere verbal sexual harassment does not amount to an Eighth Amendment violation.  Austin v. Williams, 367 F.3d 1167, 1171-72 (9th Cir. 2004) (guard's exposing himself to prisoner in elevated, glass-enclosed control booth for 30-40 seconds failed to state claim under § 1983).  Rather, a prisoner therefore must establish that the alleged sexual harassment was egregious, pervasive and/or widespread in order to state a claim under the Eighth Amendment.  See, e.g., Jordan v. Gardner, 986 F.2d 1521, 1525-31 (9th Cir. 1993) (en banc) (prison policy requiring male guards to conduct body searches on female prisoners); Watson v. Jones, 980 F.2d 1165, 1165-66 (8th Cir. 1992) (correctional officer sexually harassed two inmates on almost daily basis for two months by conducting deliberate examination of genitalia and anus). Plaintiff's allegations that one officer made "kissing noises" at him on one occasion, and that other officers laughed at him and called him a "punk," amounts to mere verbal harassment that is not actionable under § 1983.

In addition, the alleged use of force does not rise to the level of a constitutional violation.  Not every malevolent touch by a prison guard gives rise to a federal cause of action; the Eighth Amendment's prohibition of cruel and unusual punishment necessarily excludes from constitutional recognition de minimis uses of physical force.  Hudson v. McMillian, 503 U.S. 1, 9-10 (1992).  Here, plaintiff alleges that after he did not follow the unit officer's order to turn around for handcuffing, the unit officer "grabb[ed]" and "twist[ed]" him while turning him around, handcuffed him, and then, while putting him

Order of Dismissal
G:\PRO-SE\SJ.Rmw\CR.06\Castillo225disftsc.wpd        3

1  into a holding cell, "pushed" him against a wall and "twisted" him.  Grabbing, twisting
2  and pushing an uncooperative inmate in order to turn him around, handcuff him and move
3  him into a holding cell does not, without more, amount to more than a de minimis use of
4  force.  Plaintiff alleges that this hurt him, but such actions, even if taken with an
5  appropriate amount of force, would be expected to hurt to some degree.  Plaintiff does not
6  allege how much they hurt, that he was bruised or suffered any injuries from them, nor is
7  there allegation that the unit officer used more force than necessary to turn plaintiff
8  around and move him to into a holding cell.  Cf. id. (blows directed at inmate which
9  caused bruises, swelling, loosened teeth and cracked dental plate were not de minimis).
10 As such, the amount of force alleged is de minimis, and not actionable under § 1983.

   Plaintiff has already been granted leave to amend his complaint.  Plaintiff did not take advantage of that opportunity.  He did not file an amended complaint, request additional time to do so, or offer any explanation why he did not amend.  Consequently, plaintiff will not be granted a second opportunity to amend the complaint.  See Janicki Logging Co. v. Mateer, 42 F.3d 561, 566 (9th Cir. 1994) (leave to amend need not be granted where it constitutes an exercise in futility).

**CONCLUSION**

For the reasons stated above, the instant action is hereby DISMISSED for failure to state a cognizable claim for relief.  The clerk shall enter judgment and close the file.

IT IS SO ORDERED.

DATED:  5/23/08

*Ronald M. Whyte*
RONALD M. WHYTE
United States District Judge

Order of Dismissal
G:\PRO-SE\SJ.Rmw\CR.06\Castillo225disftsc.wpd        4

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Order of Dismissal
G:\PRO-SE\SJ.Rmw\CR.06\Castillo225disftsc.wpd     5